Troy **WALKER**, Plaintiff–Appellant,

v.

**VIACOM INTERNATIONAL, INC.; et al.,** Defendants–Appellees.

No. 08–16308.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hubbart's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Jan. 22, 2010.

Troy Walker, Suisun City, CA, pro se.

Duffy Carolan, II, Davis Wright Tremaine, LLP, San Francisco, CA, Marcia Beth Paul, Esquire, Davis Wright & Tremaine, New York, NY, for Defendants–Appellees.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Troy Walker appeals pro se from the district court's order granting summary judgment for defendants in his copyright action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Funky Films, Inc. v. Time Warner Entm't Co., L.P.,* 462 F.3d 1072, 1076 (9th Cir. 2006), and we affirm.

The district court properly granted summary judgment because Walker failed to show that his comic strip was substantially similar to defendants' cartoon and thus, he failed to satisfy the extrinsic test for showing infringement. *See id.* at 1077 (explaining that the extrinsic test considers articulable similarities between characters and plot and that "[a] plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment") (citation and internal quotation marks omitted). Accordingly, we do not reach Walker's contentions regarding access and independent creation.

Walker's request to enter new evidence is denied. *See Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**